**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Benigno Arvizu-Sanchez,<br><br>    Defendant. | No. CR 25-5366-TUC-CKJ |

Pending before the Court is the Motion to Waive Pre-Sentence Investigation Report (Doc. 18) filed by Defendant Benigno Arvizu-Sanchez ("Arvizu-Sanchez"). Arvizu-Sanchez asserts:

> Prior deported defendants who have remained in their home country for a period exceeding five years are receiving greater sentences than similarly situated defendants who have returned to the United States in less than five years after their most recent deportation. It seems the defendants who refrain from recidivism for a longer period should get less time than those who return sooner, and not vice a versa.

Motion (Doc. 18, p. 2). Arvizu-Sanchez argues if the pre-sentence report ("PSR") is waived in cases where a defendant was deported over five years prior, the resultant sentence would reduce the disparity between those deported more or less than five years prior.

Arvizu-Sanchez asserts he was deported in 2011, has no criminal history, and came to the United States to work in the fields to earn more money than he can in Mexico. Arvizu-Sanchez requests the Court order the PSR requirement be waived to allow him to be sentenced by the Court shortly after he pleads guilty to the offense charged. Further, the Motion states the government does not object to the request.

The applicable rule states:

(1) *Required Investigation.*

    (A) *In General.* The probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence unless:

        (i) 18 U.S.C. §3593 (c) or another statute requires otherwise; or

        (ii) the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. §3553, and the court explains its finding on the record.

Fed.R.Crim.P. 32(c); *see also* United States Sentencing Guidelines § 6A1.1(b) ("defendant may not waive preparation of the presentence report"). Further, the plea agreement in this case states:

    The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

Plea Agreement (Doc. 16, p. 2). The statute to which Arvizu-Sanchez pleaded guilty, 8 U.S.C. § 1326(a), is punishable by a maximum term of imprisonment of two (2) years. However, the parties have stipulated to a sentence that does "not exceed the high-end of the final advisory Sentencing Guidelines Range[.]" Plea Agreement (Doc. 16, p. 3).

The Ninth Circuit has stated:

    Presentence reports are required because "[r]eliable fact-finding is essential to procedural due process and to the accuracy and uniformity of sentencing." Guideline Chapter 6A, Introductory Commentary. "Under the sentencing guidelines, the presentence report and the defendant's objections to that report are essential considerations in proper sentencing. The report forms the factual basis for the judge's sentencing determination."

*United States v. Turner*, 905 F.2d 300, 301 (9th Cir. 1990), *abrogated on other grounds*, quoting *United States v. Burch*, 873 F.2d 765, 767 (5th Cir.1989). Further, the drafters of Rule 32(c)(1) noted:

    The requirement of reasons on the record for not having a presentence report is intended to make clear that such a report ought to be routinely required except in cases where there is a reason for not doing so. The presentence report is of great value for correctional purposes and will serve as a valuable aid in reviewing sentences to the extent that sentence review may be authorized by future rule change.

1  Fed.R.Crim.P. 32, Advisory Committee Notes, 1974 Amendment. "Because of the
2  importance Congress and the Sentencing Commission have attached to the preparation of
3  presentence reports," the Ninth Circuit held "strict compliance with § 6A1.1 and Rule
4  32(c)(1) is required." *Turner*, 905 F.2d at 301, *citations omitted*.

5      The Court finds it cannot meaningfully exercise its sentencing authority under 18
6  U.S.C. § 3553 without a review and consideration of a PSR in this case. *United States v.*
7  *Turner*, 816 F. Supp. 1102, 1103 (E.D. Va. 1993) ("interest of justice will be better served
8  if [defendant] is not sentenced until after the court has reviewed the presentence report").

9      However, the Court recognizes a defendant may waive the ten-day period to review
10 the PSR. *See* 18 U.S.C. § 3552(d) (ten day minimum period may be waived by defendant).
11 As Arvizu-Sanchez has not requested to waive this time period, the Court does not find it
12 appropriate to *sua sponte* reduce this time. The Court advises Arvizu-Sanchez such a
13 request/waiver would be well-taken.

14     Accordingly, IT IS ORDERED the Motion to Waive Pre-Sentence Investigation
15 Report (Doc. 18) is DENIED.

16     DATED this 14th day of January, 2026.

                                      Cindy K. Jorgenson
                                      United States District Judge